Filed 12/18/24  P. v. West CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C099327 |
| Plaintiff and Respondent, | (Super. Ct. No. P17CRF0067) |
| v. | |
| DENNIS JAMES WEST, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dennis James West asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to West, we will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, pursuant to a plea agreement, West pled no contest to various charges and admitted probation violations in five separate cases.  As relevant here, in case No. P17CRF0067, West pled no contest to injuring a spouse or cohabitant with a prior conviction.  (Pen. Code, § 273.5, subd. (f)(1).)  In exchange for the plea, West understood

1

and agreed to be sentenced to formal probation for four years. He also entered a no contest plea in two other misdemeanor cases and admitted numerous violations of probation in two additional misdemeanor cases.

West concedes the basic facts of the spousal battery case are set forth in the prosecution's trial brief. In 2017, West was with the victim at her home and while there, he kicked her three times in the leg and then strangled her to the point of her losing consciousness. He told her that when she woke up, she would be in a better mood. West had a prior conviction for infliction of injury on a spouse or cohabitant in 2011. After his plea, the trial court granted West formal probation for four years.

Over the next two years, the People filed three separate petitions alleging West violated his probation: (1) in March 2019, (2) in September, October, and December 2019, and (3) in April 2020. The trial court summarily revoked his probation after each petition. In October 2020, West admitted he violated probation as alleged in the third petition and the trial court reinstated and continued his probation. The trial court dismissed the remaining two petitions.

In 2021, the probation department filed another petition to revoke West's probation and the trial court again summarily revoked his probation. In this petition, the probation department alleged West had possession of 14.24 ounces of marijuana, 6.8 grams of methamphetamine, and a shotgun shell. West admitted he violated probation. As a result of his admission, the trial court imposed a four-year prison sentence but suspended its execution and reinstated probation for one additional year, with probation set to expire on July 17, 2023.

In April 2023, the probation department filed another petition alleging West violated his probation. At the contested hearing on the petition, a police officer testified he noticed a motorcycle parked in front of a store that had no rear license plate. West came out of the store and asked the officer what he was doing. When the officer learned

West was on searchable probation, he searched him and found a glass pipe commonly used to smoke methamphetamine and 9.2 grams of methamphetamine.

The trial court found West in violation of his probation and lifted the stay of execution on his four-year prison sentence. West timely appealed in August 2023 and did not obtain a certificate of probable cause. The record was fully prepared in April 2024. After seeking and receiving four extensions of time, defense counsel filed West's brief in September 2024, and the matter was assigned to this panel shortly thereafter.

## DISCUSSION

West's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) West was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. We have not received any communication from West. We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

## DISPOSITION

The judgment is affirmed.

/s/<br>
BOULWARE EURIE, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
RENNER, J.

3